## Schmitt *v.* Yuhazy, Appellant.

*Judgments—Opening judgments—Evidence—Insufficiency.*

A rule to open a judgment is properly discharged where the preponderance of evidence is in favor of the plaintiff and the allegations contained in the petition are not supported by the testimony.

A petition to open a judgment is addressed to the sound discretion of the court, and, in the absence of proof of the abuse of such discretion, the action of the court will be affirmed.

Argued October 15, 1924.    Appeal, No. 25, April T., 1925, by defendant, from judgment of C. P. Allegheny Co., July T., 1924, No. 778, discharging rule to open judgment in the case of Katharina Schmitt v. John Yuhazy.    Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Dismissed.

Rule to open judgment.    Before ROWAND, J.

The facts are stated in the following opinion of the court below discharging the rule:

This matter comes before the court upon a rule ex parte defendant, to show cause why the amicable action and confession of judgment in ejectment entered by the plaintiff, by virtue of lease between the parties should not be opened and the execution issued thereon stayed.

The petition of John Yuhazy, defendant, avers that on or about January 2, 1924, in a conversation with the plaintiff, Katharina Schmitt, the plaintiff agreed that she would lease and let the premises, at the time being occupied by the defendant by virtue of a written lease,

for an additional year, beginning May 1, 1924, at the same rent, and under the same terms and conditions, and that the defendant, thereupon agreed to continue as tenant.

The plaintiff files her answer, denying the alleged verbal extension and alleges that defendant never offered to enter into a lease with plaintiff for any term after April 30, 1924.

It appears from the depositions taken that it had been customary for several years, during the relations of the parties, as landlord and tenant, that the plaintiff would call at the defendant's place of business in January or February, and arrange for the lease for the coming year, and a new lease was entered into and signed by the parties. The defendant testified, as was the custom, that the plaintiff called on January 2, 1924, at his place of business, and at that time, plaintiff asked him, the defendant, if he wanted the lease for another year, and he replied in the affirmative, and plaintiff then replied, "All right, I will be here on Sunday and will bring the lease, and you can sign it." But that there was no further conversation between the parties and that the plaintiff did not return, nor has he ever seen her since in relation to the lease. In this he is corroborated in part by his wife, and a daughter, who claimed to be present at the time. But, it further appears from his testimony, that on or about the 31st day of January, 1924, the son of the plaintiff served him with the customary notice to quit the premises on May 1st, and in relation to that, his testimony appears on page 8:

"Q. Did he say anything to you at that time or did you say anything to him?"

"A. I asked him, 'What does that mean?' He said, 'You got to go out.'"

"Q. Did you say anything to him at that time?"

"A. No."

It appears further in his testimony that after receiving this notice to quit, he sent a daughter to the resi-

dence of Mrs. Schmitt, but the daughter's testimony shows that she called at the home of Mrs. Schmitt, and was not admitted. Mrs. Schmitt, in her deposition admits that she called at the defendant's place of business on January 2d, and that he was not at home, and the purpose of her calling was to collect the rents, as was her custom. She denies the conversation, as alleged to have taken place between the defendant and herself and testified that she never intended to rerent the property to him. She was questioned relative to the call of the daughter of the defendant to her residence, and said that she had learned afterwards the daughter had been there, but at the time she called she was sick. That at no time did the defendant speak to her about renting the property, nor any person in his behalf.

A son of the plaintiff, Charles A. Schmitt, testified that he served the notice on the defendant personally on the 31st day of January, 1924, and the portion of testimony as shown relative to this as appears on page 46, is as follows:

"Q. You served a quit notice on Mr. Yuhazy on the 31st of January, 1924?"

"A. Yes, sir."

"Q. What conversation took place between the two of you on that day?"

"A. I went in and handed him the notice, and he read it and he says, 'Well, this means I got to move,' I said, 'That is what it says.'"

"Q. Anything else said besides that?"

"A. Not that I remember."

He further testified that he was in defendant's place of business about eight times after January 31st, and saw him but the time that he served the notice to quit, but did see Mrs. Yuhazy, the wife, and his testimony on pages 47 and 48, appears as follows:

"Q. Did you see Mrs. Yuhazy on any of those occasions?"

"A. Oh, yes, every time."

"Q. On any of the occasions when you visited Yuhazy's between January 31st and April 30th, 1924, was anything ever said about their continuing on the premises?"

"A. The only thing was that they said they didn't have a house to move in. She told me different times they had no house."

In considering the testimony as offered by the defendant in support of his rule, we cannot be unmindful of the fact that he contends this verbal agreement to extend, was made on January 2, 1924, but does not indicate the terms of the alleged extension as to time or amount of rent; and also the fact of the notice to quit having been served on him on the 31st day of January; and that after receiving such notice, no inquiry was made by him why the said notice was being served after his alleged agreement to remain as tenant.

After weighing the evidence carefully, we are of the opinion that the preponderance thereof is on the side of the plaintiff, and we are not convinced that the allegations as contained in the petition are sustained by evidence, sufficient to warrant us in granting the relief prayed for by the petitioner.

And now, to wit, May 15, 1924, it is ordered and decreed that the rule heretofore granted, at No. 778, July Term, 1924, is hereby discharged, and the order of this court staying all proceedings on the writ of hab. fa. at No. 162 July Term, 1924, is vacated and set aside.

Defendant appealed.

*Error assigned* was the order of the court.

*Ralph C. Davis,* for appellant.

*P. H. McGuire,* for appellee.

PER CURIAM, October 20, 1924:

Appellant complains of the refusal to open and stay an execution on a judgment that was entered pursuant to authority contained in a lease. We have considered the record in the light of the argument made on behalf of appellant and find the conclusion of the court below fully warranted.

The appeal is dismissed.